Bkevakd, J.,
delivered the opinion of the court. The execution in question cannot be supported Upon any principle of the common law. It is against the principles of common justice, that any man should be condemned unheard. It does not appear that the defendant was even called on to shew cause why the execution should not issue against him. The acts for the relief of insolvent debtors are out of the question. If they did apply in the case, the plaintiff could take no advantage of the act of 1759, because the prisoner, Sturgenegger, was discharged, not under that act, but under the act of 1788, called the prison bounds act; and these two acts cannot be construed in pari materia, so as to form one entire system. There is nothing in the act of 1783 to warrant the proceedings in question. There is nothing in the act of 1759 to warrant it. The 13th section of that act declares, “ that if, at any time before an insolvent prisoner is discharged, the court shall have reason to suspect that ha has not rendered a true schedule, he may be committed to gaol, at the request of his creditors, for twelve months. But the creditor, at whose instance he shall be committed, shall pay 6s. 3d. currency per diem, for his subsistence in gaol. And if the creditor shall neglect to pay the same for a week, the sheriff, or gaoler shall set the prisoner at liberty. Here, the prisoner was *484 not committed for any sueh cause ; but if Ibis had been the case, it would not follow that the clerk was authorized to issue execution f°r sum might consider justly due. At all events, he could not issue execution for more than one week’s subsistence of the prisoner, at 6s. 3d. currency, per diem.
Note. By some opinions, a gaoler is compellable to find his prisoner suste. pance. 9 Co. 87. Co. Litt. 295. But this is denied by others. Piowd. 68. 8 Eoll. Abr. 32. The first opinion seems not maintainable. Bac. Abr. “ Gaol pnd Gaoler.”
But the act of assembly of 1791, is relied on as justifying the proceeding of the clerk. That act declares, that “ at whatever stage any suit may cease or determine, the attornies, clerks, and sheriffs, shall have their fees taxed, and on non-payment thereof, execution may be issued against the party from whom they are due.” It is not necessary to express any opinion with respect to the constitutionality of this law, which places a power so extraordinary in the hands of a clerk of a District Court, as that he may decide arbitrarily, according to his own discretion, whether fees, to any amount, have been paid, or not, and give judgment, without the intervention of a jury, and issue execution, on the mere taxation of the costs of a suit. It is sufficient to say, that the act cannot be applied to this case. Without insisting on what may seem to be a good objection, namely, that the defendant in this case, who was the plaintiff in the action against Sturgenegger, and the prevailing party therein, cannot be said with propriety to be “ the person from whom the fees in question are due,” as the vanquished party is generally condemned to pay the fees, as costs of suit; it will be enough to say, that the charges of the gaoler, for the sustenance of the prisoner while in confinement in gaol, cannot be considered as coming within the meaning of sheriff’s fees, mentioned in the act. To give that construction to the act, would be to introduce, by implication, or intendment, a new law, unknown to, and repugnant to the common law.
Motion granted.